**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| WILLIAM DUKE, | ) | |
| Petitioner, | ) | |
| v. | ) | Case No. 4:21-CV-00735-JAR |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Petitioner William Duke's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. (Doc. 1). The Government has responded (Doc. 7) and Petitioner has replied. (Doc. 8). For the reasons discussed below, the motion will be denied.

## I. BACKGROUND

On October 7, 2020, Petitioner William Duke signed a Guilty Plea Agreement admitting knowing violation of 18 U.S.C. § 922(g)(1) for being a felon in possession of a firearm. *United States v. Duke*, 4:19-CR-872-JAR (E.D. Mo.) (hereinafter "*Duke Criminal Case*"), Doc. 47. Petitioner pled guilty to one count of a three-count indictment, with the remaining counts dismissed at sentencing. *Duke Criminal Case*, Doc. 49. The same day Petitioner pled guilty, this Court sentenced him to 30 months' imprisonment. *Id.* On June 21, 2021, Petitioner filed this § 2255 motion on the grounds that the Supreme Court's decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019), invalidates his conviction.

## II. LEGAL STANDARD

A § 2255 petitioner is entitled to relief when his or her sentence "was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose

such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255; *see also Sun Bear v. United States*, 644 F.3d 700, 704 (8th Cir. 2011). Federal habeas relief is limited to rectifying "jurisdictional errors, constitutional errors, and errors of law." *Raymond v. United States*, 933 F.3d 988, 991 (8th Cir. 2019). Errors of law, moreover, only constitute grounds for relief under § 2255 when such error "constitute[s] a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Addonizio*, 442 U.S. 178, 185 (1979) (internal quotation omitted). Petitioner bears the burden to prove he is entitled to relief. *Golinveaux v. United States*, 915 F.3d 564, 567 (8th Cir. 2019).

The Court must hold an evidentiary hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). "Accordingly, a claim may be dismissed without an evidentiary hearing if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." *Shaw v. United States*, 24 F.3d 1040, 1043 (8th Cir. 1994).

## III. DISCUSSION

Petitioner's Procedural Default and Appeal Waiver

Habeas review "is an extraordinary remedy and will not be allowed to do service for an appeal." *Bousley v. United States*, 523 U.S. 614, 621 (1998) (internal quotation omitted). The Supreme Court has "strictly limited the circumstances under which a guilty plea may be attacked on collateral review," and recognized that concerns regarding finality of convictions have "special force with respect to convictions based on guilty pleas." *Id.* (citations omitted). As a general rule, claims not raised at trial or on direct appeal "may not be raised on collateral review." *Massaro v. United States*, 538 U.S. 500, 504 (2003); *see also Silk v. United States*, 955 F.3d 681, 683 (8th Cir.

2020). When a defendant has procedurally defaulted a claim by failing to raise it on direct review, he can only raise the claim in habeas proceedings if he demonstrates (i) "cause" and "actual prejudice" or (ii) that he is "actually innocent." *Murray v. Carrier*, 477 U.S. 478, 485-496 (1986).

Petitioner pled guilty to violating 18 U.S.C. § 922(g)(1) by being a felon in possession of a firearm. Pursuant to the Guilty Plea Agreement, Petitioner "waive[d] all rights to contest the conviction or sentence in any post-conviction proceeding, *including one pursuant to Title 28, United States Code, Section 2255*, except for claims of prosecutorial misconduct or ineffective assistance of counsel." *Duke Criminal Case*, Doc. 47 at § 7(B) (emphasis added). At the plea and sentencing hearing, this Court emphasized that Petitioner's "right to appeal will be very limited as set forth in the plea agreement" and reminded Petitioner that he "agreed to waive [his] right to postconviction relief, or what's called habeas corpus relief." *Duke Criminal Case*, Doc. 58 at 12, 21. The Court also offered Petitioner clear instructions regarding filing a Notice of Appeal with the Eighth Circuit, and advised Petitioner that if he requests, the "Clerk of Court will file that [N]otice of [A]ppeal for you." *Id.* at 37.

Petitioner did not file a direct appeal of his conviction with the Eighth Circuit. In this habeas petition, Petitioner does not bring claims regarding prosecutorial misconduct or ineffective assistance of counsel,[1] the only carve-outs to the Guilty Plea Agreement's appeal waiver. Petitioner has also not plausibly alleged that his guilty plea and appeal waiver were unknowing or involuntary. *See United States v. Andis*, 333 F.3d 886, 889-894 (8th Cir. 2003) (discussing enforceability of appeal waivers). This Court cannot grant habeas relief in these circumstances where Petitioner procedurally defaulted his claim and accepted a Guilty Plea Agreement

[1] In his response, Petitioner argues that his counsel of record did not inform him of his claim under *Rehaif*. First, this argument did not appear in Petitioner's initial motion. Second, Petitioner cannot satisfy the requirements of *Strickland v. Washington*, 466 U.S. 668 (1984), because Petitioner had no plausible *Rehaif* claim for the reasons discussed later in this Memorandum and Order.

containing an enforceable waiver of his appeal rights. *See Liggins v. United States*, No. 4:21-CV-603-SRC, 2021 WL 4819572, at *5 (E.D. Mo. Oct. 14, 2021) ("[Petitioner] contractually waived his right to appeal his conviction in a post-conviction proceeding, knowingly and voluntarily, and the Court finds that [the petitioner] has not established a fundamental miscarriage of justice occurred to circumvent his knowing and voluntary waiver.").

Petitioner briefly suggests that he is "actually innocent" based on his *Rehaif* claim. (Doc. 1 at 6). In *Rehaif v. United States*, 139 S. Ct. 2191, 2200 (2019), the Supreme Court held that "in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." *See also United States v. Jawher*, 950 F.3d 576 (8th Cir. 2020). To establish a "gateway claim" of actual innocence, a petitioner must (1) make allegations of constitutional error supported by new, reliable evidence not available at trial and (2) show "it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Nash v. Russell*, 807 F.3d 892, 898-99 (8th Cir. 2015) (citations omitted); *see also Schlup v. Delo*, 513 U.S. 298, 329 (1995).

Here, Petitioner has not offered any new evidence, and the "record forecloses any plausible argument that [Petitioner] did not know he was a felon." *Clay v. United States*, 833 F. App'x 663, 664 (8th Cir. 2021) (per curiam). First, at the plea and sentencing hearing, Petitioner confirmed that he "knew he had been convicted of a crime punishable by a term of imprisonment exceeding one year." *Duke Criminal Case*, Doc. 58 at 15. Second, the Final Presentence Investigation Report, which this Court adopted with no objection from Petitioner, indicates that Petitioner has multiple felony convictions and was previously found guilty of second-degree assault in Missouri state court and sentenced to one year in prison. *Duke Criminal Case*, Doc. 43 at ¶ 53. *See Greer v. United States*, 141 S. Ct. 2090, 2095 (2021) ("[I]ndividuals who are convicted felons ordinarily

know that they are convicted felons."). Because Petitioner cannot demonstrate actual innocence, the Court finds that no excuse exists for his procedural default and the habeas petition can be denied on these grounds. The Court will, however, address Petitioner's substantive claim under *Rehaif*.

Petitioner's *Rehaif* Claim[2]

The *Rehaif* decision came down on June 21, 2019. Petitioner was indicted after *Rehaif*, on October 17, 2019, and the indictment properly alleges that Petitioner possessed a firearm "knowing he had previously been convicted in a court of law of one or more crimes punishable by a term of imprisonment exceeding one year." *Duke Criminal Case*, Doc. 1 at 1. In the Guilty Plea Agreement, Petitioner admits that "at the time [he] knowingly possessed a firearm, he knew he had been convicted of a crime punishable by imprisonment for more than one year." *Duke Criminal Case*, Doc. 47 at § 3. Finally, Petitioner affirmed at the plea and sentencing hearing that "at the time [he] knowingly possessed the firearm, [he] knew he had been convicted of a crime punishable by a term of imprisonment exceeding one year." *Duke Criminal Case*, Doc. 58 at 15. Evidently, the Government and this Court consistently followed *Rehaif*'s guidance, and Petitioner pled guilty to the elements of 18 U.S.C. § 922(g) as established by *Rehaif*. *See Scott v. United States*, No. 1:20-CV-98 JAR, 2020 WL 2219759, at *2 (E.D. Mo. May 7, 2020) (holding *Rehaif* did not apply where defendant "signed a plea agreement that set forth the elements of the offense, and admitted to knowingly violating [18 U.S.C. § 922(g)(1)]"); *see also Taylor v. Huggins*, No. 5:19-CV-291, 2019 WL 6481799, at *4 (N.D. W.Va. Nov. 5, 2019).

---

[2] It appears to this Court that Petitioner may be using "form filings" which allow him to merely insert his name and other relevant details into an otherwise generic document. Petitioner makes claims which explicitly contradict the established record and suggest that Petitioner's filings are not tailored to this case. For example, the motion addresses the Armed Career Criminal Act, 18 U.S.C. § 924(e), but Petitioner was not sentenced under this provision. Petitioner also includes a section regarding the retroactive application of *Rehaif*, but Petitioner's indictment and sentence came after *Rehaif*.

18 U.S.C. § 924(a)(2) (the "Penalty Provision") provides that any person who knowingly violates 18 U.S.C. § 922(g) (among other provisions) "shall be . . . imprisoned not more than 10 years." Petitioner contends that habeas relief is warranted because the indictment did not include this Penalty Provision and its knowledge element.[3] An indictment "must be a plain, concise and definite written statement of the essential facts constituting the *offense* charged." Fed. R. Crim. P. 7(c)(1) (emphasis added). The Eighth Circuit has recognized that an indictment "challenged for the first time after a verdict . . . will be liberally construed in favor of sufficiency." *United States v. Carter*, 270 F.3d 731, 736 (8th Cir. 2001) (citation omitted).

Petitioner's argument is without merit, as Courts have consistently held that an indictment is not defective merely because it excludes the applicable penalty provision. *See Mercer v. United States*, No. 1:07-CV-59 ERW, 2008 WL 565759, at *10 (E.D. Mo. Feb. 28, 2008) (quoting *United States v. Bates*, 77 F.3d 1101, 1105-06 (8th Cir. 1996)) ("References in the indictment to sentencing enhancements . . . are 'mere surplusage' and 'may be disregarded if the remaining allegations are sufficient to charge a crime.'"); *see also United States v. Hernandez*, 299 F.3d 984, 992 (8th Cir. 2002) (affirming conviction where indictment omitted penalty provision in 21 U.S.C. § 841(b)). The Government also cites *Jiles v. United States*, where a district court explicitly "rejected the claim that § 924(a)(2) must be included in an indictment to confer jurisdiction on the district court." No. CV419-177, 2021 WL 2274190, at *2 (S.D. Ga. Apr. 23, 2021) (quoting *Marks v. United States*, 934 F. App'x 568, 569 (11th Cir. 2021) (per curiam)).

[3] Petitioner's argument regarding the supposedly defective indictment cannot overcome his procedural default because it does not allege factual innocence. Actual innocence "means factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623. Therefore, Petitioner must "demonstrate actual factual innocence of the offense of conviction . . . this standard is not satisfied by a showing that a petitioner is legally, but not factually, innocent." *Brown v. United States*, No. 4:19-CV-1891 HEA, 2020 WL 7181315, at *3 (E.D. Mo. Dec. 7, 2020). Petitioner's argument regarding his indictment is an alleged legal insufficiency and accordingly cannot establish a gateway actual innocence claim.

Petitioner specifically contends that the "[p]lain language of [the Penalty Provision] unambiguously requires the Government to prove knowledge of felonious status to obtain a conviction under § 922(g)(1)." (Doc. 1 at 4). This Court agrees per *Rehaif*, but as discussed above, the record clearly reflects that Petitioner pled guilty to the necessary elements of both § 922(g)(1) and the Penalty Provision, including knowledge of his felony status. The Eighth Circuit has recognized long before *Rehaif*, moreover, that the knowledge requirement of the Penalty Provision applies to 18 U.S.C. § 922(g). *See United States v. Richards*, 967 F.2d 1189, 1195 (8th Cir. 1992). In short, Petitioner cannot allege a defective indictment based on the knowledge requirement of the Penalty Provision where he has repeatedly and consistently admitted to knowledge of his felony status and the indictment includes the essential elements of the offense charged. For these reasons, Petitioner's argument that the supposedly defective indictment violates his rights under the Fifth and Sixth Amendments to the United States Constitution fails as a matter of law.

## IV. CONCLUSION

This Court sentenced Petitioner to 30 months' imprisonment after he pled guilty to violating 18 U.S.C. § 922(g)(1) by being a felon in possession of a firearm. Petitioner relies on the important decision of *Rehaif v. United States* to contend that the Government did not adequately prove the knowledge element of the statute. First, Petitioner procedurally defaulted this claim by failing to appeal his conviction and sentence. Second, Petitioner waived any appeal as to this claim pursuant to his Guilty Plea Agreement. Petitioner has not substantiated any exception – such as miscarriage of justice or actual innocence – which can overcome these failures. Finally, Petitioner's argument fails on the merits considering his indictment and Guilty Plea Agreement both state the knowledge element of felon status as established by *Rehaif*. At his plea and sentencing hearing, Petitioner fully admitted that he knew he had been convicted of a crime

punishable by more than one year in prison. In these circumstances, there is no plausible claim that Petitioner's indictment was defective because it failed to include the Penalty Provision (18 U.S.C. § 924(a)(2)) and its knowledge element. Because Petitioner's claims are inadequate on their face and present purely legal issues, an evidentiary hearing is not required.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner William Duke's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. 1) is **DENIED and DISMISSED**.

**IT IS FURTHER ORDERED** that because Petitioner William Duke cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. *See Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997), *cert. denied*, 525 U.S. 834 (1998). A judgment dismissing this case is filed herewith.

Dated this 26th day of October, 2021.

JOHN A. ROSS
UNITED STATES DISTRICT JUDGE